IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KENNETH L. WALLER**                                                                           **PLAINTIFF**

v.                                          Civil No.:  4:10-cv-4059

**WARDEN G. TURNER** *et al.*                                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Kenneth L. Waller (Plaintiff), an inmate of the Miller County Correctional Facility, in Texarkana, Arkansas, filed this case pro se and *in forma pauperis* under 42 U.S.C. § 1983. ECF Nos. 1, 2. Now before the Court is the Motion to Dismiss, filed by the Plaintiff. Defendants have filed no response to this motion.

Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3), this case is referred to the undersigned by the Honorable Paul K. Holmes, III, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Motion to Dismiss, ECF No. 44, be **GRANTED**.

### I.      BACKGROUND

Plaintiff alleges in his Complaint that on March 31, presumably of 2010, he was moved from the Max Delta unit of the Miller County Correctional Facility back to the west Alpha unit on the orders of Warden Turner. ECF No. 1, ¶ V. Plaintiff states that west Alpha is the medical pod and he was moved there for medical reasons. *Id.* Officer Nash moved Plaintiff from the Max Delta unit. *Id.* During the move, Officer Nash contacted Officer Herro *via* radio and informed Herro that Nash was moving Plaintiff. *Id.* However, when Officer Nash and Plaintiff arrived, Officer Herro was not on his post, and Officer Nash placed Plaintiff into west Alpha. *Id.* Once placed in the new pod, Plaintiff was "attacked, assaulted, kicked, beaten, and stomped" by three inmates who are white and claim affiliation with the "Arian Brotherhood" a white gang. ECF No. 1, ¶ V. During this assault, Plaintiff's back was re-injured, as he already had lower back pains. *Id.*

On March 16, 2010, Plaintiff had a fight with Ricky Sealy, one of the inmates who had assaulted him in west Alpha. *Id.* At that time, Plaintiff was moved to Max Delta by Officer Herro and Warden Turner. *Id.* The next day, March 17, 2010, Plaintiff wrote a grievance about the location where he was housed and gave that grievance to Sgt. Giles. *Id.*

Plaintiff states he also requested medical attention after the incident on March 31, 2010, but was delayed for approximately two-and-a-half hours before he received any care. *Id.* Plaintiff alleges that Nurse Williams delayed providing him medical attention for several hours when he was injured in the Miller County Correctional Facility. ECF No. 1, ¶ 6. Plaintiff also has alleged that during his treatment by Nurse Williams, he was neither treated for open wounds on his head and lip, nor given any medication for his back pain. *Id.* Plaintiff indicates his back pain was so severe Nurse Williams had to take vital signs while Plaintiff was lying down, and that Plaintiff was also unable to get up to use the toilet facilities. *Id.* at ¶ 5. Plaintiff also states he had a prior back injury, for which he received medical treatment while in the Miller County Correctional Facility. *Id.* at ¶ 2.

Plaintiff states he wrote grievances to Warden Turner, but those grievances were not answered. *Id.* at ¶ 12. Plaintiff did attach a copy of what he states is the most recent grievance to his Complaint. ECF No. 1, attach. 1. In this grievance, Plaintiff complains about the medical care from Nurse Williams. *Id.*

Finally, Plaintiff also brings claims he was held in unconstitutional conditions of confinement as there was one inch of water on the floor at all times in his cell due to a leak from the toilet/sink area. ECF No. 1, ¶ 13. Plaintiff alleges anytime when he would leave his bunk, his feet would be covered with water. *Id.* Additionally, cells numbered one and two had an odor of urine and feces to which Plaintiff was exposed on a daily basis. *Id.*

Specific to his Motion for Injunctive Relief, Plaintiff has alleged that on June 1, 2010, he was given a dark green and light green capsule of medication which he could not identify. ECF No. 31. Plaintiff states

he inquired to Nurse Williams and she also could not tell him the contents of the capsule. *Id.* Plaintiff states he only is prescribed one medication currently, and that medication is Prilosec which comes in a gray and purple capsule. *Id.*

Further, on June 6, 2010, Plaintiff was taken to seen Warden Turner in Turner's office regarding a grievance Plaintiff had filed regarding the June 1, 2010 medication, and also regarding being given the incorrect medication on June 24, 2010. *Id.* Nurse Williams was present, and during the meeting Warden Turner allegedly threatened to contact a friend of Turner's who worked with the Arkansas Department of Correction and have Plaintiff transferred to a unit in Calico Rock, Arkansas where the "Arian Brotherhood" is located. *Id.*

Plaintiff also states that his life was threatened on July 23 and 29, 2010, by one of the inmates who attacked him on March 31, 2010. ECF No. 1 at 1. Plaintiff alleges he wrote grievances and request forms stating he has been threatened and has been exposed to danger due to his visitation days falling on the same day as those of the other inmate. *Id.* Plaintiff states nothing has been done, and that he fears he will loose his life due to poisoning by Nurse Williams, physical injury from the other inmate, or Warden Turner's threat. *Id.* Plaintiff also states his legal mail is opened upon arrival and he never receives correspondence from family members, and that grievances he wrote were not received but were destroyed by Defendant Nash in retaliation. *Id.* Plaintiff requests relief in the form of being transferred to the Arkansas Department of Correction. *Id.* at 1-2.

II.     APPLICABLE LAW

Federal Rule of Civil Procedure 41(a) allows plaintiffs a limited, rather than absolute, right to obtain a voluntary dismissal. First, a plaintiff may voluntarily dismiss without prejudice "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed.R.Civ.P. 41(a)(1)(A)(i). Here, Defendants Turner, Miller, Nash, Williams and Stovall have filed an

Answer, ECF Nos. 6, 20. Accordingly, Plaintiff is not eligible to obtain a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) against those Defendants. However, summons was returned unexecuted as to Defendant Herro, ECF No. 26, as he was unable to be served. Therefore dismissal under 41 (a)(1)(A)(i) is appropriate for Defendant Herro, and may be done even without Court order.

Second, a plaintiff may seek a voluntary dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1)(A)(ii). In his motion, Plaintiff does not allege that Defendants agree to a dismissal by stipulation, nor has any stipulation been filed.

Finally, a plaintiff may seek dismissal by Order of Court, which is to be granted "upon such terms and conditions as the Court deems proper," in the event the prior provisions regarding dismissal without Order do not apply. Fed. R. Civ. P. 41(a)(2). Such a provision would be applicable to Defendants Miller, Nash, Stoval, Turner, and Williams.

In determining whether to approve a motion for voluntary dismissal, the Court considers: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Whitzman v. Gross*, 148 F.3d 988, 992 (8th Cir.1998).

### III.    DISCUSSION

In this matter, Defendants Miller, Nash, Stoval, Turner, and Williams have not objected or otherwise responded to Plaintiff's Motion to Dismiss. As such, there is no evidence that the effort and expense by Defendants in preparing for trial, or lack of diligence by the Plaintiff, are factors which outweigh Plaintiff's Motion to Dismiss. The Court also notes that this matter is not currently set for a motion for Summary Judgment to be filed, and that factor also appears to weigh in favor of dismissal.

As to Defendant Herro, this defendant may be dismissed without Order from this Court, as he has yet

to be served.

### IV. CONCLUSION

Accordingly, **I RECOMMEND the Motion to Dismiss, ECF No. 44, be GRANTED, for the forgoing reasons, and this matter dismissed without prejudice.** I further recommend that all other pending motions in this matter be terminated upon any adoption of this Report and Recommendation.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of April 2011.**

                                                    /s/ *J. Marschewski*
                                                  JAMES R. MARSCHEWSKI
                                                  U.S. MAGISTRATE JUDGE